**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

OLIVER VAUGHN DOUCE,

Plaintiff,

v.

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY, et al.,

Defendants.

Civil Action No. 20-2619 (MAS) (TJB)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Oliver Vaughn Douce's ("Plaintiff") *in forma pauperis* application ("IFP Application") under 28 U.S.C. § 1915. (IFP Appl., ECF No. 11.) The Court will grant Plaintiff's application pursuant to § 1915, direct the Clerk to file the Habeas Corpus Petition (ECF No. 1), but dismiss the Habeas Corpus Petition and deny the Emergent Motion for Stay and Injunction (ECF No. 8) for lack of subject matter jurisdiction.

**I.    BACKGROUND**

Plaintiff proceeds *pro se* in this matter. Plaintiff alleges that in late June 2019, he became concerned that he had not heard from the mother of his daughter for over a year. (Habeas Corpus Pet. 3, ECF No. 1; Mot. for Order to Show Cause *3, ECF No. 1-3.)[1] According to Plaintiff, an online search revealed a photo of the mother and an obituary reporting that she had died. (Mot. for Order to Show Cause *3.) Following this discovery, Plaintiff reportedly contacted the state

---

[1] Page numbers preceded by an asterisk refer to the page number on the ECF header.

1

court in an effort to locate his daughter, who was then eight to nine years old. (*Id.*) Two weeks later, Plaintiff reportedly received a phone call from a person named Keith Miller, who "claim[ed] [Plaintiff] was missing[.]" (*Id.*) Subsequently, Plaintiff went to court in an effort to determine the status of his daughter, apparently learning "that she was just [in a] temporary place there because she had no family except her father[.]" (*Id.*) Plaintiff further alleges that at some point after he came forward, his daughter was "temporar[ily] held by some Uncle, Kenneth Mctigue," in violation of Plaintiff's parental rights. (Habeas Corpus Pet. 3.) Plaintiff also takes exception to an alleged court-ordered surgery performed on his daughter without his consent. (*Id.*) Plaintiff maintains that he had informed officials that he "wanted to get [the surgery] done with the doctors in New York[.]" (Mot. for Order to Show Cause *3.) By September 2019, Plaintiff had filed "an interlocutory appeal with a habeas corpus in NJ Appellate Court about September 2019 to stop [D]efendant[s'] fraud[.]" (*Id.*) At the time he filed the current action, Plaintiff had not yet received a response from the appellate court. (*Id.*)

According to documents attached to Plaintiff's Habeas Petition, on January 23, 2020, the Superior Court of New Jersey, Chancery Division, Family Part, entered an order directing Defendant New Jersey Division of Child Protection and Permanency (the "Division") to "file to terminate parental rights[.]" (Order *4, Exs. A & B to Habeas Corpus Pet., ECF No. 1-2.) According to the same order, the daughter was to "continue[] in placement outside the home[.]" (*Id.*)

Plaintiff brought the current action seeking a writ of habeas corpus pursuant to 28 U.S.C. §§ 2242, 2243 on March 10, 2020. (ECF No. 1.) Plaintiff alleges that the Defendants have engaged in an "illegal action for private financial gain" with the Division holding Plaintiff's daughter "for ransom, attempting to use psychologists to fabricate a report to the[ir] benefit to

2

prolong, in order to assure[] the[ir] profit." (Habeas Corpus Pet. 3.) Plaintiff further alleges that Defendants are disrupting his relationship with his daughter so that certain individuals can create a "false bond" with his daughter and convert his daughter into a "commodity." (Mot. for Order to Show Cause *3.) Along these lines, Plaintiff alleges that the Defendants have "conspired" to "defraud the U.S[.] [G]overnment under 4D agency and Social Security funds, with their defendants agent contract and their psychologist in conspiracy a plan [sic] . . . to defame trying to fabricate false adoption scheme in retaliation to take away Plaintiff['s] daughter[.]" (*Id.* at *1.) At bottom, Plaintiff seems to allege that the Defendants have violated his and his daughter's constitutional rights by depriving his daughter of a father who will "protect her and show her love with the help of sister and brother plaintiff love his daughter very much and want her now." (*Id.* at *11.) Construing Plaintiff's papers liberally,[2] it appears that Plaintiff's Habeas Petition and Motion for an Order to Show Cause also seek to bring an action under 42 U.S.C. § 1983 for Defendants' actions under the color of state law to deprive him of familial association with and paternal decision making for his daughter in violation of his constitutional rights. (*Id.* at *6.)[3]

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may not decide a matter in the absence of federal subject matter jurisdiction. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701-02 (1982). "This Court has an independent obligation to satisfy itself

---

[2] *Pro se* complaints must be construed liberally. *See Healy v. United States Post Office*, 644 F. App'x 163, 164 (3d Cir. 2016).

[3] On June 12, 2020, Plaintiff sought a temporary restraining order against the Defendants. (June TRO Appl., ECF No. 2.) Plaintiff renewed his request for a temporary restraining order against Defendants on August 10, 2020. (Aug. TRO Appl., ECF No. 7.) On September 14, 2020, Plaintiff renewed his requests for relief, filing a Motion for a Stay and Injunction of the family court proceedings. (Motion for Stay & Injunction, ECF No. 8-2.) Finally, Plaintiff filed a letter on October 26, 2020, saying, "I only intervene to get my daughter" and that the Division is "illegally holding now by kidnapping [my] daughter[.]" (Oct. 26, 2020 Correspondence, ECF No. 9.)

that it has subject matter jurisdiction." *Jackson v. Fererretti*, No. 08-5702, 2009 WL 192487, at *1 (D.N.J. Jan. 26, 2009) (sua sponte dismissing a complaint filed pursuant to 28 U.S.C. § 1915 for lack of subject matter jurisdiction) (citing Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")). When considering its jurisdiction, a court may consider pleading allegations along with any documents attached thereto. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 177 (3d Cir. 2000) (discussing the documents a court may consider when reviewing a facial challenge to subject matter jurisdiction in the context of a Federal Rule of Civil Procedure 12(b)(1) motion).

## III. DISCUSSION

Plaintiff's attempt to bring a habeas corpus petition on behalf of his daughter must be dismissed. Generally, "[a] parent has standing to bring a habeas corpus action on behalf of [their] minor children." *Jenicek ex rel. J.J. v. Sorenson Ranch Sch.*, No. 14-4422, 2014 WL 7332039, at *2 (D.N.J. Dec. 16, 2014) (first alteration in original) (quoting *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 648 F.2d 135, 138 n.3 (3d Cir. 1981) (plurality opinion), *aff'd*, 458 U.S. 502 (1982)). But even assuming that Plaintiff could proceed as his daughter's next friend, this Court would lack jurisdiction to hear the claim:

> Jurisdiction over a habeas petition brought by a next friend exists only if the litigation *actually involves the concerns of the real party in interest* and not simply the grievances of the next friend. Particularly when a habeas petition is brought by a parent seeking the release of a child . . . , the action may really involve an assertion of the parent's rights, not the liberty interests of the child.

*Id.* at 3 (alteration in original) (emphasis in original) (quoting *Amerson v. State of Iowa, Dept. of Hum. Servs.*, 59 F.3d 92, 93 (8th Cir. 1995)). Notwithstanding Plaintiff's allegations that Defendants are engaged in a conspiracy to "kidnap[]" his daughter, Plaintiff's acknowledgment that "I only intervene to get my daughter," and his objection to Defendants "block[ing his]

4

visitation rights or connection" with his daughter, (Oct. 26, 2020 Correspondence *1), suggest that he "simply seeks to relitigate, through federal habeas, not any liberty interest of [his daughter], but the interest in [his] own paternal rights." *Lehman*, 458 U.S. at 511. But "federal habeas has never been available to challenge parental rights or child custody." *Id.*

Moreover, even if Plaintiff's pleadings were construed as a habeas petition asserting the daughter's—as opposed to Plaintiff's—rights, the daughter is not "in custody" as that term is defined by habeas jurisprudence. *Colbry v. Pier*, No. 17-003, 2017 WL 639894, at *3 (D.N.J. Feb. 16, 2017). Federal courts have jurisdiction over a petition brought pursuant to 28 U.S.C. § 2241 only where the petitioner "is 'in custody' in violation of the laws, treaties, or Constitution of the United States." *Barry v. Bergen Cnty. Prob. Dept.*, 128 F.3d 152, 159 (3d Cir. 1997). "The Supreme Court, however, has held that a child's being placed into foster care does not involve sufficient restraints on the child's liberty to qualify as being 'in custody' for the purposes of habeas jurisdiction." *Colbry*, 2017 WL 639894, at *3 (citing *Lehman*, 458 U.S. at 509-15). To the extent Plaintiff alleges that his daughter is "in custody" because she has been kidnapped as a part of a child welfare agency's financial scheme to defraud the United States Government of Social Security funds—the Court simply cannot allow such bald, unsupported allegations to expand its jurisdiction beyond the scope permitted by Congress in its creation of the federal habeas statutes.

Finally, to the extent Plaintiff brings civil rights claims on behalf of himself and his daughter challenging the state court's child visitation, custody, and paternal rights orders, those claims also fail. "Although Plaintiff has clothed his complaint in the garb of a civil rights action, the [c]omplaint boils down to a dispute over the custody of his child and the interactions of Plaintiff and Defendants in that custody process." *Foster v. N.J. Div. of Child Prot. & Permanency*, No. 17-13572, 2018 WL 6069632, at *2 (D.N.J. Nov. 20, 2018). But "[t]his Court does not have

5

jurisdiction over determinations of parental rights and child custody, including those presented in this case, because these are matters within the longstanding exception to federal jurisdiction in matters involving domestic relations of . . . parent and child. *Id.*; *see also Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "To the extent that Plaintiff seeks review of any temporary or permanent child custody or parental rights determinations, his recourse lies in an appeal within the state court system because this federal court lacks jurisdiction to entertain these claims." *Id.*[4]

Accordingly, for the reasons set forth above, and for other good cause shown,

IT IS on this 4th day of March 2021 **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED** pursuant to 28 U.S.C. § 1915 (ECF No. 11).

2. The Clerk of the Court shall file the Habeas Corpus Petition (ECF No. 1) without prepayment of fees or security.

3. The Habeas Corpus Petition (ECF No. 1) and the Emergent Motion for Stay and Injunction (ECF No. 8) are **DENIED** for lack of subject matter jurisdiction.

4. The Clerk of Court shall close this matter.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] As noted above, by September 2019, Plaintiff had filed "an interlocutory appeal with a habeas [c]orpus in NJ Appellate Court about September 2019 to stop [D]efendant[s'] fraud[.]" (Mot. for Order to Show Cause *3.) At the time he filed the current action, Plaintiff had not yet received a response from the appellate court. (*Id.*) Accordingly, the Court finds that "[e]ven if this Court had federal subject matter jurisdiction over a child custody dispute, which it does not, the *Younger* doctrine of abstention would bar the present action in federal court, since it appears proceedings are still taking place in state court." *Foster*, 2018 WL 6069632, at *3 ("In general terms, the *Younger* abstention doctrine reflects 'a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances.'" (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982))).